# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PAIN DOCTOR MANAGEMENT COMPANY,<br><br>　　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 19-10589-BLS |
| George L. Miller, solely in his capacity as the Chapter 7 Trustee of Pain Doctor Management Company,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>Cigna Health & Life Insurance Company d/b/a Cigna,<br><br>　　　　　　　　　　Defendant. | Adv. Pro. No. _____ |

### TRUSTEE'S COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

George L. Miller, solely in his capacity as the Chapter 7 Trustee (the "Plaintiff" or the "Trustee") for the estate of the above-captioned debtor (the "Debtor"), by and through his attorneys, Ciardi Ciardi & Astin, as and for his complaint against Cigna Health and Life Insurance Company d/b/a Cigna (the "Defendant"), hereby alleges as follows:

### NATURE OF THE ACTION

1.　　The Trustee brings this action against the Defendant to avoid and recover certain preferential transfers made by the Debtor to the Defendant that occurred during the ninety-day period prior to the date of commencement of the Debtor's bankruptcy proceedings and to recover the value thereof.

### JURISDICTION, VENUE AND PREDICATES FOR RELIEF

2.　　The United States Bankruptcy Court for the District of Delaware (the

"Bankruptcy Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

3. This adversary proceeding has been referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a).

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

5. The Trustee agrees to entry of a final order or judgment by the Bankruptcy Court in this adversary proceeding.

6. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a) because this is a proceeding related to and arising under Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

7. The Bankruptcy Court has personal jurisdiction over the Defendant pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

8. The predicates for the relief sought herein are sections 547 and 550 of the Bankruptcy Code and Bankruptcy Rule 7001.

9. Pursuant to sections 323(b) and 704(a)(1) of the Bankruptcy Code, the Trustee has standing to litigate affirmative claims of and object to claims asserted against the Debtor.

## GENERAL BACKGROUND

10. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 18, 2019 (the "Petition Date") in the Bankruptcy Court commencing Case Number 19-10589 (the "Bankruptcy Case").

11. On March 19, 2019, the Trustee was appointed for the Debtor's estate.

12. The Trustee presently serves in such capacity pursuant to section 702(d) of the Bankruptcy Code.

13. The Debtor was formerly in the business of providing, among other things, office space, medical and non-medical equipment, certain personnel and certain billing and administrative management services to pain management physician practices.

14. Based upon information and belief, the Debtor was "insolvent" during the Preference Period (as that term is defined below) and the value of the Debtor's liabilities exceeded the value of the Debtor's assets at all times during the Preference Period and the year prior to the Debtor's bankruptcy filing.

15. Upon information and belief, Defendant was, at all relevant times, a vendor to or creditor of the Debtor. Upon further information and belief, at all relevant times, Defendant is a Delaware corporation with a principal place of business located in Bloomfield, Connecticut.

## THE TRANSFERS

16. During the ninety-day period prior to the Petition Date (the "Preference Period"), the Debtor transferred property to or for the benefit of the Defendant through payments aggregating an amount not less than the total amount of transfers listed on **Exhibit A**, which is attached hereto and incorporated by reference. The details of each and every one of the transfers of property by the Debtor to or for the benefit of the Defendant are set forth on **Exhibit A**.

17. **Exhibit A** reflects the Trustee's present knowledge of the transfers made to the

Defendant by the Debtor during the Preference Period. During the course of this adversary proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made by the Debtor to the Defendant during the Preference Period. The Trustee is seeking to avoid and recover all such transfers, whether such transfers presently are reflected on **Exhibit A** or not. Collectively, all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of the Defendant during the Preference Period (whether such transfers presently are reflected on **Exhibit A** hereto or not) are referred to herein as the "Transfers."

18. The Transfers were made from the Debtor's bank account on the date indicated on **Exhibit A** and by the method indicated on **Exhibit A**.

19. The Transfers were made on account of the Debtor's purchase, on an unsecured basis, of products or services from the Defendant.

20. Had the Transfers not been made, the Defendant would have had an unsecured claim in the amount of the Transfers against the Debtor.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))**

21. The Trustee repeats and realleges each of the allegations set forth in paragraphs 1 through 26 hereof as if fully set forth herein.

22. Each Transfer identified in **Exhibit A** was made to the Defendant.

23. Each Transfer was a transfer of an interest of the Debtor in property.

24. Each Transfer was made to or for the benefit of the Defendant, a creditor of the Debtor who provided products and other related services for the Debtor.

25. Each Transfer was made for or on account of an antecedent debt or debts owed by the Debtor to the Defendant before such Transfers were made.

26. Each Transfer was made during the Preference Period.

27. Each Transfer was made while the Debtor was insolvent.

28. Each Transfer enabled the Defendant to receive more than the Defendant would have received if (i) the transfers and/or payments had been made, or (ii) the Defendant received payment on account of the debt paid by the Transfers to the extent provided by the Bankruptcy Code.

29. Each Transfer constitutes an avoidable preference pursuant to section 547(b) of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF
### (Recovery of Preferential Transfers Pursuant to 11 U.S.C. § 550)

30. The Trustee repeats and realleges each of the allegations set forth in paragraphs 1 through 35 hereof as if fully set forth herein.

31. The Defendant was the initial transferee of the Transfers, the intermediate or mediate transferee of the Transfers, or the person or entity for whose benefit the Transfer(s) was/were made.

32. Each Transfer that is avoided under section 547(b) of the Bankruptcy Code is recoverable pursuant to section 550 of the Bankruptcy Code.

33. Subject to potential defenses, the Trustee is entitled to recover the value of the Transfers pursuant to section 550(a) of the Bankruptcy Code.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, the Trustee demands judgment as follows:

A. Pursuant to the First and Second Claims for Relief, entering judgment against the Defendant under sections 547 and 550 of the Bankruptcy Code and in favor of the Trustee avoiding and recovering the Transfers in an amount not less than the total amount listed on **Exhibit A**;

B.      Awarding the Trustee post-judgment interest at the maximum legally applicable rate; and

C.      Granting the Trustee such other and further relief the Court deems just and appropriate.

Dated:  March 15, 2021
        Wilmington, Delaware

CIARDI CIARDI & ASTIN

*/s/ Daniel K. Astin*
Daniel K. Astin (No. 4068)
1204 N. King Street
Wilmington, Delaware 19801
Tel:  (302) 658-1100
Fax:  (302) 658-1300
dastin@ciardilaw.com

-and-

Albert A. Ciardi, III, Esq.
Walter W. Gouldsbury III, Esq.
1905 Spruce Street
Philadelphia, PA 19103
Tel:  (215) 557-3550
Fax:  (215) 557-3551
aciardi@ciardilaw.com
wgouldsbury@ciardilaw.com

*Counsel to George L. Miller,
Chapter 7 Trustee*